## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| ANTHONY BORRELLI, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:20-cv-3604 |
| § | |
| EQUIFAX INFORMATION § | With Jury Demand Endorsed |
| SERVICES, LLC, EXPERIAN § | |
| INFORMATION SOLUTIONS, INC., and § | |
| NATIONSTAR MORTGAGE, LLC, § | |
| Defendants. § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, Anthony Borrelli ("Plaintiff"), by and through counsel, for his Complaint against Defendants, Equifax Information Services, LLC, Experian Information Solutions, Inc., and Nationstar Mortgage, LLC, jointly, severally, and in solido, states as follows:

### I.  INTRODUCTION

1. Two of the Defendants are consumer reporting agencies ("CRAs") as defined by 15 U.S.C. § 1681a(f), and one Defendant, Nationstar Mortgage, LLC, is a furnisher of consumer information. All Defendants have violated 15 U.S.C. § 1681 *et seq.*, known as the Fair Credit Reporting Act (the "FCRA"). Plaintiffs seek to recover from Defendants actual, statutory, and punitive damages, injunctive relief, legal fees, and expenses.

## II. PARTIES

2. Plaintiff, Anthony Borrelli, is a natural person residing in Pasco County, Florida. He is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c) and a victim of repeated false credit reporting.

Made Defendants herein are:

3. Upon information and belief, Defendant Equifax Information Services LLC, which may also hereinafter be referred to as "Equifax," "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants" is a Georgia limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its headquarters, 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309. Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f). Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Equifax disburses such consumer reports to third parties of contract for monetary compensation.

4. Upon information and belief, Defendant Experian Information Solutions, Inc., which may also hereinafter be referred to as "Experian", "Defendant," "Defendants," "CRA," or "CRA Defendant," or "CRA Defendants," is an Ohio corporation that does business in this judicial district and may be served by delivering a summons to its headquarters, 475 Anton Blvd., Costa Mesa, California 92626. Experian is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to

third parties. Experian disburses such consumer reports to third parties of contract for monetary compensation.

5. Upon information and belief, Defendant Nationstar Mortgage, LLC or Mr. Cooper, which may also hereinafter be referred to as "Nationstar," "Defendant," "Defendants," "Furnisher Defendant," or "Furnisher Defendants," is a Delaware limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its Legal Department at its headquarters, 8950 Cypress Waters Blvd., Coppell, Texas 75019. Nationstar is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b), and a furnisher of consumer credit information to consumer reporting agencies.

6. As used herein, "consumer reporting agency," or "CRA," means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports and is an entity in the business of collecting, maintaining and disseminating information regarding the credit-worthiness of individuals. CRAs specifically include, but are not limited to, Equifax, Experian, TransUnion, and Innovis.

## III. JURISDICTION AND VENUE

7. This Honorable Court has jurisdiction in this case which arises under federal law—28 U.S.C. § 1331 and 15 U.S.C. § 1681(p). Further, the amount in controversy exceeds $75,000.00, exclusive of costs and interest and the parties to these proceedings are citizens of different states.

*See* 28 U.S.C. § 1332. Plaintiff also asserts causes of action under state law which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over said claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this District because the CRA Defendants and Nationstar transact business in this District. Nationstar is headquartered in this judicial district, a substantial part of the conduct complained of occurred in this district, and various actions made basis of Plaintiffs' claims against Defendants occurred in the Northern District of Texas as further described. 28 U.S.C. § 1391.

9. Venue is further proper in this District because the CRA Defendants entered into agreements with Nationstar in this judicial district to receive credit reporting data concerning Plaintiff. Any and all requests to investigate Plaintiff's dispute sent from the CRA Defendants as part of their reinvestigation was submitted to Nationstar's headquarters and investigated by the furnisher Nationstar using Nationstar's resources located at or closely connected to this judicial district. Nationstar managed Plaintiff's mortgage from this judicial district including communicating amounts owed and conducting numerous communications via phone and letter.

### IV. FACTUAL ALLEGATIONS

10. In June 2007, Plaintiff secured a mortgage for his home at 7431 Johnson Road, Port Richey, Florida with Indymac Bank, F.S.B.

11. The mortgage account was assigned or otherwise transferred to Ocwen Loan Servicing LLC in June 2014 ("Ocwen").

12. On or about December 2014, Plaintiff filed for Chapter 7 bankruptcy.

13. In March 2015, Plaintiff was discharged from bankruptcy and did not reaffirm the mortgage account, however, Plaintiff continued to make payments on the mortgage account.

14. Ocwen assigned or otherwise transferred the mortgage account to Nationstar in May 2016 (hereafter the "Nationstar mortgage").

15. In April 2020, Plaintiff requested and received a copy of his credit report assembled, evaluated, and disbursed by Equifax and noticed that his Nationstar mortgage account was reporting inaccurately. Plaintiff's Equifax Credit Report is attached as Exhibit "A."

16. Plaintiff noticed that within his Equifax credit report, the Nationstar account status was "closed" and the date of last payment was "May 01, 2017."

17. This was inaccurate because in April 2020 the account was open and Plaintiff had made payments in 2017, 2018, 2019, and 2020.

18. Further, while reporting date of last payment "May 1, 2017" and latest status as "current." An additional comment stated "No payment history has been reported by this creditor," which is wrong because how else did Equifax report a payment status of May 1, 2017 if not by being provided this information from the furnisher, Nationstar.

19. In April 2020, Plaintiff also requested and received a copy of his credit report assembled, evaluated, and disbursed by Experian and noticed that his Nationstar mortgage account was likewise reporting inaccurately. Plaintiff's Experian Credit Report is attached as Exhibit "B."

20. Plaintiff noticed that within his Experian credit report, while the Nationstar mortgage account was correctly reporting as open, there was no payment history reported beyond May 2017.

21. The Experian report was inaccurate because Plaintiff had payment histories in 2017, 2018, 2019, and 2020.

22.     On or about July 21, 2020, Plaintiff disputed the reporting of the Nationstar mortgage account with Equifax and Experian (the "CRA Defendants") directly. Plaintiff requested that under the FCRA, both CRA Defendants conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiff's credit reports concerning the Nationstar mortgage account.

23.     Attached to both dispute letters, Plaintiff included a copy of his payment history.

24.     Plaintiff's dispute letter to Equifax is attached hereto as Exhibit C.

25.     Plaintiff's dispute letter to Experian is attached hereto as Exhibit D.

26.     Experian never responded to Plaintiff's July 21, 2020 dispute letter.

27.     Experian's failure to respond is an unambiguous FCRA violation of its duty to reinvestigate following a consumer's dispute of information contained in the consumer's credit report.

28.     Furthermore, Experian's failure to remedy the reporting inaccuracies was inappropriate under the circumstances, because Plaintiff had an open mortgage with Nationstar to which he had a credit obligation. The account was correctly reporting "open" but without full payment history and Experian had an obligation to cure the inaccuracy.

29.     Experian's non-response was not the result of a reasonable investigation into Plaintiff's dispute and Experian failed to remedy the inaccuracies within the Nationstar tradeline.

30.     Experian chose to "verify" false information from an unreliable source, failed to correct the inaccurate information and continued to publish the inaccurate information regarding Plaintiff's Nationstar account.

31.     Upon the Plaintiff's request to Experian for verification and addition regarding the Nationstar mortgage account, and in accordance with Experian's standard procedures, Experian did

not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the Nationstar tradeline.

32. In the alternative, Experian failed to contact Nationstar, therefore, failed to perform any investigation at all.

33. In the alternative to the allegation that Experian failed to contact Nationstar, it is alleged that Experian did forward some notice of the dispute to Nationstar, and Nationstar failed to conduct a lawful investigation.

34. Equifax responded to Plaintiff's July 21, 2020 disputes on or about August 18, 2020. Equifax's response is attached hereto as Exhibit E. In its response letter, Equifax informed Plaintiff that "[t]his item has been deleted from the credit file."

35. Equifax's response was inappropriate and inaccurate because Plaintiff had an open mortgage with Nationstar to which he had a credit obligation. The account should have been modified and reported as "open" with full payment history.

36. Experian failed to correct the inaccurate information, and inappropriately deleted rather than modify Plaintiffs' Nationstar mortgage accounts.

37. Equifax's response was not the result of a reasonable investigation into Plaintiff's dispute and failed to remedy the inaccuracies within the Nationstar tradeline.

38. Equifax chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding Plaintiff's Nationstar account.

39. Upon the Plaintiff's request to Equifax for verification and addition regarding the Nationstar mortgage account, and in accordance with Equifax's standard procedures, Equifax did

not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the Nationstar tradeline.

40. In the alternative, Equifax failed to contact Nationstar, therefore, failed to perform any investigation at all.

41. In the alternative to the allegation that Equifax failed to contact Nationstar, it is alleged that Equifax did forward some notice of the dispute to Nationstar, and Nationstar failed to conduct a lawful investigation.

42. After the CRA Defendants notified Nationstar of the disputed tradeline involving the Nationstar mortgage account, Nationstar failed to correct any of the information. Nationstar failed to conduct a lawful reinvestigation and inappropriately ordered the CRA Defendants to delete Plaintiff's mortgage account tradeline.

43. On or about July 21, 2020, Plaintiff disputed the reporting of the Nationstar mortgage account directly with Nationstar. Plaintiffs requested that under the FCRA, Defendant Nationstar conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiffs' credit reports concerning the Nationstar mortgage account.

44. Nationstar responded to Plaintiff by letter dated July 31, 2020.

45. A copy of Nationstar's response letter to Plaintiffs dated October 10, 2019 is attached hereto as Exhibit F.

46. In its response letter, Nationstar informed Plaintiff it had submitted instructions to Equifax to "delete the account from credit reporting." Nationstar stated further that "the account was discharged in chapter 7 bankruptcy" and that "[s]ince the debt wasn't reaffirmed after discharge, credit reporting is suppressed and the account should not have reported to the CRAs."

47. Nationstar's assertions were incorrect, inaccurate, and inappropriate because Plaintiff had an open mortgage with Nationstar to which he had a credit obligation. Nationstar should have advised the CRA Defendants to report the Nationstar mortgage account as "open" with full payment history displayed.

48. Nationstar failed to conduct a lawful reinvestigation and/or inappropriately ordered the CRA Defendants to delete Plaintiff's mortgage account tradeline.

## V.  GROUNDS FOR RELIEF

### COUNT I – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. § 1681e(b))

49. Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

50. Equifax violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

51. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

52. Equifax knew or should have known Plaintiff's account status and payment history were inaccurate, but Equifax continued to prepare a patently false consumer report concerning Plaintiff.

53. Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Equifax readily provided false reports to one or more third party, thereby misrepresenting

Plaintiff, and ultimately Plaintiff's creditworthiness.

54. After Equifax knew or should have known Plaintiff's account status was inaccurate, it failed to make the corrections and failed to report Plaintiff's Nationstar mortgage account tradeline.

55. As a result of Equifax's conduct, action, and inaction, Plaintiff suffered damages, including, but not limited to, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

56. Equifax's conduct, action, and inaction, was willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

57. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT II – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

58. Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

59. Equifax violated 15 U.S.C. § 168li by failing to update inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to Nationstar, failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

60. As a result of Equifax's conduct, action, and inaction, Plaintiff suffered damages,

including, but not limited to, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

61. Equifax's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

62. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT III – EXPERIAN'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681e(b))

63. Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

64. Experian violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

65. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

66. Experian knew or should have known of Plaintiff's account status and payment history, but Experian continued to prepare a patently false consumer report concerning Plaintiff.

67. Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Experian readily provided false reports to one or more third parties, thereby

misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

68. After Experian knew or should have known Plaintiff's account status and payment history were inaccurate, it failed to make the corrections. Further, Plaintiff did not request for the Nationstar mortgage tradeline be deleted.

69. As a result of Experian's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

70. Experian's conduct, action, and inaction, were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

71. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

**COUNT IV – EXPERIAN'S VIOLATION OF THE FCRA**
**(15 U.S.C. §1681i)**

72. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

73. Experian violated 15 U.S.C. § 168li on multiple occasions by failing to update or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to the furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

74. As a result of Experian's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

75. Experian's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

76. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

**COUNT V – NATIONSTAR'S VIOLATION OF THE FCRA**
**(15 U.S.C. §1681s-2(b))**

77. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

78. Defendant Nationstar violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to appropriately modify the information.

79. Nationstar further violated 15 U.S.C. § 1681s-2(b) by continuing to report the Nationstar representation within Plaintiff's credit file with the CRA Defendants without also including a notation that this debt was disputed, failing to fully and properly investigate the Plaintiff's dispute of the Nationstar representation, failing to accurately respond to the CRA Defendants, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the

Nationstar representations to the consumer reporting agencies.

80. As a result of Nationstar's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in his attempt to refinance, loss in his ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

81. Nationstar's conduct, action, and inaction, were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## VI. VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

82. Plaintiff will demonstrate, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendants, the principals, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability to Defendants for all such actions under the doctrine of respondent superior and/or vicarious liability.

## VII. DAMAGES

83. Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of fact, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FCRA and/or states' laws, including Texas.

84. Plaintiff respectfully requests that this Honorable Court award Plaintiff his litigation expenses and other costs of litigation and reasonable attorney's fees incurred in this litigation, in

accordance with the provisions of the FCRA and/or other laws.

85. The above and foregoing actions, inactions, and fault of Defendants, as to each and every claim, have proximately caused a wide variety of damages to Plaintiff.

86. Defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of false reporting about the Plaintiff and have been a substantial factor in causing credit denials and other damages.

87. Plaintiff suffered a variety of damages, including economic and non-economic damages as prayed for herein.

88. Defendants have negligently and/or willfully violated various provisions of the FCRA and are thereby liable unto Plaintiff.

89. Defendants are liable unto Plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, denial in his attempt to refinance his mortgage, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

WHEREFORE PREMESIS CONSIDERED, Plaintiff prays that this Honorable Court:

A. Enter Judgment in favor of Plaintiff and against Defendants Equifax Information Services, LLC, Experian Information Solutions, Inc., and Nationstar Mortgage, LLC, jointly,

severally, and in solido, for all reasonable damages sustained by Plaintiff, including, but not limited to, actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, and fear of personal and financial safety and security for Defendants' violations of the FCRA, applicable state law, and common law;

B. Find that the appropriate circumstances exist for an award of punitive damages to Plaintiff;

C. Award Plaintiff pre-judgment and post-judgment interest, as allowed by law;

D. Order that the CRA Defendants, Equifax Information Services, LLC, Experian Information Solutions, Inc., and Furnisher Defendant, Nationstar Mortgage, LLC, work in conjunction, cooperatively, and/or individually to reinvestigate and correct the consumer report(s), credit report(s), data emanations, consumer histories, and credit histories of and concerning Plaintiff and/or any of Plaintiff's personal identifiers.

E. Grant such other and further relief, in law or equity, to which Plaintiff might show he is justly entitled.

DATE: December 9, 2020                              Respectfully submitted,

        */s/ Matthew P. Forsberg*
        Matthew P. Forsberg
        MN State Bar Number 0400067
        Matt@FieldsLaw.com
        FIELDS LAW FIRM
        9999 Wayzata Blvd.
        Minnetonka, Minnesota 55305
        (612) 383-1868 (telephone)
        (612) 370-4256 (fax)

        **LAW OFFICE OF JONATHAN A. HEEPS**

        /s/ *Jonathan A. Heeps* .
        Jonathan A. Heeps
        State Bar No. 24074387
        LAW OFFICE OF JONATHAN A. HEEPS
        Post Office Box 174372
        Arlington, Texas 76003
        Telephone (682) 738-6415
        Fax (844) 738-6416
        jaheeps@heepslaw.com

        COUNSEL FOR PLAINTIFF

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

        */s/ Matthew P. Forsberg*
Date: December 9, 2020        Matthew P. Forsberg